# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

        Plaintiff,    :    Case No. 1:21-cr-0073

                                  District Judge Susan J. Dlott
- vs -                       Magistrate Judge Michael R. Merz

OLIVER LUCIAN GARR,

        Defendant.    :

## REPORT AND RECOMMENDATIONS

This is a proceeding under 28 U.S.C. § 2255 brought *pro se* by Defendant Oliver Lucian Garr to obtain relief from his conviction in this Court for conspiracy to commit money laundering (ECF No. 242). On the Court's Order, the United States has responded to the Motion ("Response," ECF No. 256) and Defendant has filed a Reply (ECF No. 259).[1]

**Litigation History**

Defendant was indicted November 3, 2021, and charged with one count of conspiracy to distribute fentanyl and cocaine and one count of conspiracy to distribute fentanyl (Superseding

---

[1] The Reply was filed without being signed as required by Fed.R.Civ.P. 11 and the Court has ordered Defendant to sign it (ECF No. 260). A signed copy has not yet been received by the Clerk.

1

Indictment, ECF No. 53).  Subsequently an Information charging Defendant with one count of money laundering was filed October 3, 2022 (ECF No. 144) and Defendant agreed to plead guilty to that charge (Plea Agreement, ECF No. 145).  On May 16, 2023, the Probation Department filed Garr's Final Presentence Investigation Report (ECF No. 187).  Defendant's counsel, Attorney William Welsh, filed a Sentencing Memorandum on September 4, 2023 (ECF No. 203).  Probation filed an Amended Presentence Investigation Report on November 3, 2023 (ECF No. 208).  Judge Dlott heard objections to the Amended PSI on November 30, 2023 (ECF No. 217).  On April 16, 2024, Judge Dlott entered judgment against Defendant, sentencing him to 100 months of imprisonment (ECF No. 233).  Garr took no appeal, but filed the instant Motion to Vacate on October 4, 2024, pleading one Ground for Relief, ineffective assistance of trial counsel.

## Analysis

The governing standard for ineffective assistance of counsel claims is found in *Strickland v. Washington*, 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components.  First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.  Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687.  In other words, to establish ineffective assistance, a defendant must show both deficient performance and prejudice.  *Berghuis v. Thompkins,* 560 U.S. 370, 389 (2010), *citing Knowles v. Mirzayance,* 556 U.S.111 (2009).

>With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

>>Judicial scrutiny of counsel's performance must be highly deferential. . . .  A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.  Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance;  that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

>As to the second prong, the Supreme Court held:

>>The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694.  *See also Darden v. Wainwright*, 477 U.S. 168, 184 (1986), *citing Strickland, supra.*; *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998), *citing Strickland, supra*; *Blackburn v. Foltz*, 828 F.2d 1177, 1180 (6th Cir. 1987), *quoting Strickland,* 466 U.S. at 687. "The likelihood of a different result must be substantial, not just conceivable."  *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011), *quoting Harrington v. Richter*, 562 U.S. 86, 111-12 (2011).

Defendant asserts his attorney, William Welsh, provided ineffective assistance of trial counsel by "fail[ing] to argue relevant legal standards for sentencing a defendant for conspiracy to commit money laundering under the federal sentencing guidelines."

3

The district court adopted a sentencing recommendation by the U.S. Probation. Office that incorrectly applied §2Sl.1 (a)(l). instead of §2Sl.l(a)(2), with a cross-reference to §2Bl.l(b) (1)(E)» to detemine [sic] how many additional levels to add.

An attempt to launder $100,000 requires an 8 level increase to the Base Offense Level mandated under S2Sl.l(a)(2), if the amount involved was more than $95,000, but less than $150,000.

§2S1.1(a)(1) is inapplicable. Petitioner was not convicted of multiple underlying offenses. §281.1(a)(2) applies to cases, in which the defendant was not convicted of an underlying offense. The court erred in applying S2S1.1(a)(1).

Next, §2S1.1(b)(2)(B) is inapplicable. Petitioner was convicted of conspiracy and the sole object of the conspiracy was to commit an offense set forth in §1956 or 1957, which was to engage in a monetary transaction in property that derived from specified unlawful activity, involving $100,000. The court erred in applying §2Sl.l(b)(2)(B) to conspiracy conviction.

Lastly, §2Dl.l(b)(12) cross-reference is inapplicable. According to SlB1.5(b)(2), §281.1(a)(2) is the applicable guideline to determine the offense level for sentencing purposes.

A §2D1.1 cross-reference, if applicable, constitutes the base offense level for the purpose of §281.1(a)(2), see Note 2(C), which states that specific offense characteristics and adjustments are inapplicable. The court erred in applying specific offense characteristic described in §2D1.1(b)(12)(premise enhancement).

Petitioner was sentenced to a 100 month term of imprisonment, a below the guidelines sentence, when it determined that his total offense level was 34, minus departure for acceptance of responsibility (Offense Level 31, Sentencing Range of 135 to 168 months).

His guideline range under §281.1(a)(2) for conspiracy to launder $100,000, total offense level 16 minus departure for acceptance of

4

> responsibility (Offense Level 13 Sentencing Range 18 to 24 months).
>
> Welsh's failure to object to errors at sentencing; or failure to raise viable arguments that would have reduced Petitioner's sentence constitutes deficient performance, see *McPhearson vs. US,* 675 F.3d 553 (CA6 2012).

(Motion to Vacate, ECF No. 242, PageID 1790-91).

These claims could be read as claims of trial court error. If read in that way, they would be procedurally defaulted by Defendant's failure to appeal because they could have been raised on direct appeal but were not because no appeal was taken. However, as a *pro se* litigant, Defendant is entitled to have his claims construed liberally. *Haines v. Kerner*, 404 U.S. 519 (1972); *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). The Magistrate Judge instead reads Defendant's claims to be true claims of ineffective assistance of trial counsel, to wit, if Attorney Welsh had made the arguments Defendant asserts he should have made, the Court would not have erred in its sentence calculation as it did. Construed in that way, the claims are preserved for decision on the merits.

Responding to Defendant's claims as ineffective assistance of trial counsel claims, the United States asserts Attorney Welsh did make the arguments Defendant claims he should have made (Response, ECF No. 258, PageID 1878).

First of all the United States Attorney claims "[c]ounsel for the Defendant made the requested sentencing arguments in his objections to the PSI." *Id.* at PageID 1878, citing ECF No. 208, PageID 1368-71.

Secondly, the United States Attorney claims the suggested arguments were made "at the Defendant's first sentencing hearing on November 30, 2023." *Id.*, citing ECF No. 218 at 1580-1611.

5

Third, the United States Attorney asserts the suggested arguments were again made in Defendant's Supplemental Sentencing Memorandum, *Id*., citing ECF No. 225.

Finally, the United States Attorney asserts these objections were confirmed at the second sentencing hearing and overruled by Judge Dlott.  (Response, ECF No. 256, PageID 1878, citing Transcript, ECF No. 248 at 4:17-22, 5:21-6:7).

In his Reply, Defendant makes no direct response to the Government's claim that the arguments Defendant says should have been made were in fact made but failed to persuade Judge Dlott.  Instead the Reply reads as if Defendant's claim were that Judge Dlott erred in imposing sentence, not that Attorney Welsh did not make the correct arguments.  As noted above, any claim of judicial error is procedurally defaulted by Defendant's failure to appeal.

Moreover, Defendant waived any opportunity to make a direct claim of trial court error in this proceeding.  The Plea Agreement provides in ¶ 11:

> **Waiver of Appeal:** In exchange for the concessions made by the USAO in this plea agreement, the Defendant waives the right to appeal the conviction and sentence imposed, except if the sentence imposed exceeds the statutory maximum. The Defendant also waives the right to attack his conviction or sentence collaterally, such as by way of a motion brought under 28 U.S.C. § 2255, or to seek a reduction of sentence under 18 U.S.C. § 3582(c)(1)(B) or (c)(2). However, this waiver shall not be construed to bar a claim by the Defendant of ineffective assistance of counsel or prosecutorial misconduct.

(ECF No. 145, PageID 575).  The last sentence of the waiver paragraph[2] tempts many federal defendants who have pleaded guilty with a similar plea agreement to attempt to re-package their trial court errors claims as ineffective assistance of trial counsel claims (viz. the trial court erred

---

[2] This exception from waiver for ineffective assistance of trial counsel and prosecutorial misconduct claims was mandated by Attorney General Eric Holder during the Obama Administration and somehow escaped the attention of the first Trump Administration.

6

but would not have made the mistake if my attorney had provided effective assistance of trial counsel).  The re-packaging does not work because claims of trial court error and ineffective assistance of trial counsel are analytically completely distinct.

**Conclusion**

Because Attorney Welsh actually made the arguments Defendant now says he should have made, he did not perform deficiently as an attorney and the instant Motion to Vacate fails the performance prong of the *Strickland* test.  There is no need to analyze the prejudice prong of *Strickland* because the *Strickland* standard requires meeting both prongs.

The Magistrate Judge therefore respectfully recommends the Motion to Vacate be denied with prejudice.  Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

March 4, 2025.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's

objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #