# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

          Plaintiff,    :    Case No. 1:21-cr-0073

                                District Judge Susan J. Dlott
- vs -                             Magistrate Judge Michael R. Merz

OLIVER LUCIAN GARR,

          Defendant.    :

## DECISION AND ORDER

This is a proceeding under 28 U.S.C. § 2255 brought *pro se* by Defendant Oliver Lucian Garr to obtain relief from his conviction in this Court for conspiracy to commit money laundering (Motion to Vacate, ECF No. 242). It is before the Court on Defendant's Objections (ECF No. 273) to the Magistrate Judge's Report and Recommendations (Report, ECF No. 262).

As required by 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b), the Court has reviewed *de novo* the Report with particular attention to those portions objected to by Defendant. Having done so, the Court finds the objections are without merit and they are OVERRULED for the reasons set forth below.

Defendant pleads one claim, to wit, that his attorney, William Welsh, provided ineffective assistance of trial counsel by "fail[ing] to argue relevant legal standards for sentencing a defendant

1

for conspiracy to commit money laundering under the federal sentencing guidelines." The particular legal standards which Attorney Welsh allegedly did not argue were:

> The district court adopted a sentencing recommendation by the U.S. Probation. Office that incorrectly applied §2S1.1 (a)(1). instead of §2S1.1(a)(2), with a cross-reference to §2B1.1(b) (1)€» to detemine [sic] how many additional levels to add.
>
> An attempt to launder $100,000 requires an 8 level increase to the Base Offense Level mandated under S2S1.1(a)(2), if the amount involved was more than $95,000, but less than $150,000. §2S1.1(a)(1) is inapplicable. Petitioner was not convicted of multiple underlying offenses. §2S1.1(a)(2) applies to cases, in which the defendant was not convicted of an underlying offense. The court erred in applying S2S1.1(a)(1).
>
> Next, §2S1.1(b)(2)(B) is inapplicable. Petitioner was convicted of conspiracy and the sole object of the conspiracy was to commit an offense set forth in §1956 or 1957, which was to engage in a monetary transaction in property that derived from specified unlawful activity, involving $100,000. The court erred in applying §2S1.1(b)(2)(B) to conspiracy conviction.
>
> Lastly, §2D1.1(b)(12) cross-reference is inapplicable. According to S1B1.5(b)(2), §2S1.1(a)(2) is the applicable guideline to determine the offense level for sentencing purposes.
>
> A §2D1.1 cross-reference, if applicable, constitutes the base offense level for the purpose of §2S1.1(a)(2), see Note 2(C), which states that specific offense characteristics and adjustments are inapplicable. The court erred in applying specific offense characteristic described in §2D1.1(b)(12)(premise enhancement).
>
> Petitioner was sentenced to a 100 month term of imprisonment, a below the guidelines sentence, when it determined that his total offense level was 34, minus departure for acceptance of responsibility (Offense Level 31, Sentencing Range of 135 to 168 months).
>
> His guideline range under §2S1.1(a)(2) for conspiracy to launder

> $100,000, total offense level 16 minus departure for acceptance of responsibility (Offense Level 13 Sentencing Range 18 to 24 months).
>
> Welsh's failure to object to errors at sentencing; or failure to raise viable arguments that would have reduced Petitioner's sentence constitutes deficient performance, see *McPhearson vs. US*, 675 F.3d 553 (CA6 2012).

(Motion to Vacate, ECF No. 242, PageID 1790-91).

In opposition to the Motion to Vacate, the United States noted that Attorney Welsh had in fact made all of these arguments but the Court has not accepted them (Memorandum in Opposition, quoted at Report, ECF No. 262, PageID 1904-05). The Report notes that these errors could have been raised on direct appeal as errors by the Court, but Defendant was precluded from doing so by his waiver of appeal in the Plea Agreement (ECF No. 262, PageID 1905). As supposed trial court errors, the claims were procedurally defaulted because not appealed. *Id.*

Defendant objects, refusing to accept the Report's conclusion that Attorney Welsh did in fact make the arguments Defendant alleges should have been made (Objections, ECF No. 273, PageID 1938-39). Having reviewed the record and having been the trial judge involved, the undersigned agrees with the United States and the Magistrate Judge that Attorney Welsh did indeed make the allegedly omitted arguments.

Defendant also objects that Attorney Welsh failed to submit an affidavit or declaration of his own conduct. *Id.* at PageID 1939. But no such affidavit or declaration is needed when all the relevant facts are already of record, as they are here.

Defendant relies on *Girts v. Yanai,* 501 F. 3d 743 (6th Cir. 2008), to support his proposition that Attorney Welsh did not argue the proper legal basis for the objections he made, but *Girts* is not on point. There defense counsel failed to object at all to prosecutorial misconduct consisting

3

in improper comment to the jury about the defendant's exercise of his Fifth Amendment right to remain silent. The ineffective assistance consisted not in failing to cite the correct law, but in failing altogether to object.

Garr's next objection is that the Court improperly "cross-referenced the dismissed drug charges to apply a two-level enhancement under USSG § 2D1 1(b)(12)." Attorney Welsh is alleged to have been ineffective in not objecting (Objections, ECF No. 273, PageID 1941). Garr cites no authority for the proposition that the cross-reference was in error, much less that it was deficient performance to fail to make that argument. Even with all the alleged error, Garr received a substantially below-Guidelines sentence, as he concedes.

Garr's next objection is that he did not receive the incomplete offense downward departure and that Attorney Welsh provided ineffective assistance of trial counsel in not arguing for it. This claim is not made in the Motion to Vacate and cannot be added at the objection stage.

Garr cites two cases in support of his Objections. He asserts that in *United States v. Werth*, 493 F.3d 625 (6th Cir 2007), the Sixth Circuit held that "an attorney's failure to challenge an erroneous guideline application can satisfy both prongs of *Strickland*." (Objections, ECF No. 273, PageID 1942). No case by that name appears at the place cited; the case that does appear there is a Fifth Circuit case.

Garr next cites *Hodge v Haeberlin*, 579 F 3d 627 (6th Cir 2009), for the proposition that "counsel's failure to make proper sentencing arguments constituted ineffective assistance when it resulted in an excessive sentence." *Id.* Hodge was a capital case, but the Sixth Circuit rejected every ineffective assistance of trial counsel claim the petitioner made. In fact, the phrase "excessive sentence" does not appear in the opinion.

## Conclusion

Having reviewed all of Defendant's Objections *de novo*, the Court concludes that they are without merit and they are hereby OVERRULED. The Report is ADOPTED and the Clerk is directed to enter judgment accordingly. Because reasonable jurists would not disagree with this conclusion, Defendant is denied a certificate of appealability and that the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

May 21, 2025.

_Susan J. Dlott_
Susan J. Dlott
United States District Judge